**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**LARONE DEVICE BURTON,**

    **Plaintiff,**

v.                                                              **Civil Action No.    3:08CV46**
                                                                                              **(BAILEY)**

**CMS MEDICAL SERVICE, JAEL**
**FULTON, C/O ROBERTS, and**
**C/O SOLE,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation (Doc. 14) and the plaintiff's corresponding objections (Doc. 16). Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. However, failure to file objections to the proposed findings and recommendation permits the district court to exercise review under the standards believed to be appropriate and, under these circumstances, the parties' right to *de novo* review is waived. **See *Webb v. Califano***, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the plaintiff objected. The remaining portions of the report and recommendation will be reviewed for clear error. As a result, it is the opinion of the Court that the **Magistrate Judge's Report and Recommendation (Doc. 14)** should be, and is, **ORDERED ADOPTED**.

The relevant factual and procedural history are as follows. On February 19, 2008,

the *pro se* plaintiff filed his complaint against the above-named defendants alleging multiple violations of his civil rights. Thereafter, the case was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation pursuant to 28 U.S.C. §§ 1815(e) and 1915A and LR PL P 83.01, *et seq.* As indicated in the complaint, defendants Roberts and Sole allegedly used excessive force in effectuating a transfer of the plaintiff. As a result of defendants Roberts and Sole's actions, the plaintiff contends that he suffered a broken wrist. In addition, the plaintiff alleges that defendants CMS Medical Service (CMS) and Jael Fulton, the Director of Medical Services, displayed deliberate indifference to his serious medical condition by failing to properly diagnose and treat his broken wrist.

Upon consideration, the Magistrate Judge found that CMS Medical Services and Jael Fulton were not proper parties to the action, and therefore recommended that the plaintiff's claims against those defendants be dismissed. However, in regard to defendants Roberts and Sole, the Magistrate Judge found that the allegations contained in the complaint, if true, are sufficient to establish a violation of the Eighth Amendment. As such, the Magistrate Judge recommended that plaintiff's excessive force claim against defendants Roberts and Sole be allowed to proceed. In response, the plaintiff objects that he has fully exhausted his administrative remedies, that he has in fact pled a viable claim against CMS and Jael Fulton, that his suit is not barred by the Eleventh Amendment, that Jael Fulton is liable absent personal knowledge, and that the defendants are not entitled to qualified immunity.

As an initial matter, the Court notes that because the Report and Recommendation neither addresses nor implicates administrative exhaustion and sovereign immunity, the

defendant's objections on those grounds are inapposite.  In addition, the Court now finds that CMS Medical Service is not a proper party to this action and should therefore be dismissed.  As properly noted by the Magistrate Judge, in order to state a claim under 42 U.S.C. 1983, the plaintiff must show that a person, acting under color of state law, deprived him of rights guaranteed by the Constitution or federal law.  **Rendall-Baker v. Kohn**, 547 U.S. 830, 838 (1982).  Furthermore, a jail is not a person within the meaning of § 1983 and therefore is not amenable to suit under its provisions.  **Brooks v. Pembroke City Jail**, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989).  In light of the above, it is clear that CMS is not a proper party to this action.

Similarly, Jael Fulton, the Director of the CMS, is not a proper party to this action and should therefore be dismissed.  As indicated in the Report and Recommendation, where, as here, a supervisor is not personally involved in the alleged wrongdoing, he may still be found liable where a subordinate acted pursuant to a policy or custom for which the supervisor is responsible, **see Fisher v. Washington Metro Transit Authority**, 690 F.2d 1113 (4th Cir. 1982), or the following elements are established:

> (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices, and (3) there was an affirmative casual link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

**Shaw v. Stroud,** 13 F.3d 791 , 799 (4th Cir. 1994).  Turning to the case at bar, it is evident that the plaintiff has failed to alleged any of the requisite elements needed to hold Jael Fulton liable under the doctrine of supervisor liability absent personal involvement.

Accordingly, Jael Fulton is not a proper party to this action.

As a final matter, the Court accepts the recommendation of the Magistrate Judge, that the plaintiff's action should be allowed to proceed against defendants Roberts and Sole. In order to prevail on a claim of excessive force, plaintiff must first establish that "the alleged wrongdoing was harmful enough to establish a constitutional violation." **Norman v. Taylor**, 25 F.3d 1259, 1262 (4th Cir. 1994). Assuming that the first element is met, plaintiff must still show that prison officials inflicted unnecessary and wanton pain and suffering. **Hudson v. McMillian,** 503 U.S. 1, 6 (1992). In elucidating this requirement, the United States Supreme Court noted that the question of whether or not unnecessary and wanton pain and suffering was inflicted "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." **Whitley v. Albers**, 475 U.S. 312, 320-21 (1986).

In addition to the above, the United States Court of Appeals for the Fourth Circuit has noted that, "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*." **Norman**, 2 F.3d at 1263. Nevertheless, the United States Supreme Court has found that "bruises, swelling, loosened teeth and a cracked dental plate" are not *de minimis*. **Hudson**, 503 U.S. at 10.

In addressing the case at bar, it is clear that the plaintiff's broken wrist cannot properly be considered *de minimis*. Moreover, the Court finds that the allegations contained in the complaint, if true, are sufficient to establish a violation of the Eighth Amendment. Thus, for the foregoing reasons, and those more fully contained in the Report and Recommendation of the Magistrate Judge, the Court hereby **ORDERS** as follows:

1. That the **Magistrate Judge's Report and Recommendation (Doc. 14)** is **ORDERED ADOPTED**;

2. That the **plaintiff's claims against CMS Medical Service are DISMISSED WITH PREJUDICE;**

3. That the **plaintiff's claims against Jael Fulton are DISMISSED WITH PREJUDICE**; and

4. That defendants **Roberts and Sole be served with a copy of the summons and complaint through the United States Marshal Service**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

Dated: June 30, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE