IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LARONE DEVICE BURTON,**

    **Plaintiff,**

v.                                              **Civil Action No. 3:08cv46**
                                                           **(Judge Bailey)**

**CMS MEDICAL SERVICE,
JAEL FULTON, C/O ROBERTS
AND C/O SOLE,**

    **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* plaintiff initiated this civil rights action against the above-named defendants on February 19, 2008. In the complaint, the plaintiff asserts multiple violations of his constitutional rights related to an injury that allegedly occurred during a transfer in November of 2007, and the medical care, or lack thereof, that followed. On May 23, 2008, the undersigned conducted a preliminary review of the complaint and issued a Report and Recommendation ("R&R") which recommended that defendants CMS Medical Service and Jael Fulton be dismissed with prejudice. The R&R further recommended that defendants Roberts and Sole[1] be made to answer the complaint.

---

[1] There has been much ado about the actual name of defendant Sole. In the complaint, the plaintiff lists the defendant as defendant Sole. However, after the summonses were issued, and the United States Marshal Service was unable to locate defendant Sole, the plaintiff informed the Court that the defendants name was actually Officer Cole. However, upon return of the summonses, and the defendants' response, it appears that the officers name is in fact, Tim Sole. Thus, the **Clerk** is directed to return the defendant' Cole's name to C/O Sole on the docket, and the Court will refer to that defendant as

On June 30, 2008, Chief United States District Judge, John Preston Bailey, adopted the R&R in its entirety, dismissed defendants CMS Medical Service and Jael Fulton, and directed service of process on defendants Roberts and Sole. The record reflects that service was effected on Officers Roberts and Sole on July 22, 2008.

On August 11, 2008, Officers Roberts and Sole filed a Motion for Summary Judgment. In the motion, the defendants[2] assert that they were not responsible for the plaintiff's medical care, that the plaintiff has failed to exhaust administrative remedies, and that Officer Roberts was not involved in inventorying the plaintiff's personal property. Thus, defendants Roberts and Sole request judgment as a matter of law.

## II. The Complaint

In the complaint, the plaintiff asserts that on November 18, 2007, at 4:45, five guards, including Officers Roberts and Sole, came into his cell to escort him to medical for a "make over" before taking him to lock-up. When they came into the cell, the plaintiff asserts that he attempted to pack his property in a "box." However, Officer Roberts grabbed the plaintiff's wrist and twisted it. Once he reached medical, the plaintiff asserts that he told the nurse that something was wrong with his wrist, but the nurse allegedly disregarded the plaintiff's complaints. The next day, the plaintiff was transferred to Huttonsville Correctional Center.

Upon his arrival at Huttonsville, the plaintiff asserts that he informed the two guards that

---

C/O Sole throughout this Order.

[2] For the remainder of this Order, the term "the defendants" refers only to Officers Roberts and Sole.

2

checked him in about his wrist. The guards allegedly took videos and pictures of the plaintiff's wrist. The plaintiff was then taken to medical where he was examined by a nurse. The nurse allegedly told the plaintiff that his wrist looked bad and he needed to see a doctor.

More than 20 days later, the plaintiff was again seen by medical staff and x-rays were taken. Before receiving the results, however, the plaintiff was transferred to St. Mary's Correctional Center. On December 18, 2007, the plaintiff was seen by Dr. Almase who told him that his wrist was broken. Dr. Almase allegedly told the plaintiff that he would be referred to an outside doctor, but such outside consult never occurred. In the meantime, the medical staff at St. Mary's attempted to take additional x-rays of the plaintiff's wrist. However, no x-rays were actually taken because the x-ray machine was not working properly.

The plaintiff also asserts that on January 25, 2008, he presented the administration with a G-1 grievance regarding the absence of proper medical care for his broken wrist. The plaintiff further asserts that he filed a G-1 grievance against Officers Roberts and Sole based on racial discrimination. Based on his implication that Officers Roberts and Sole broke his wrist in retaliation for the racial discrimination grievance, it appears that the racial discrimination grievance was filed prior to the wrist incident and is unrelated to the claims made in the complaint. Plaintiff also asserts that on February 4, 2008, he filed a request with the Warden for outside medical attention, but that he was simply told to wait. The instant complaint followed.

In addition to his medical claims, and the other claims related to his broken wrist, the plaintiff asserts that on November 19, 2007, some of his property "came up missing" and Officer Roberts was one of the people who checked his property.

3

As relief for the alleged violations, the plaintiff requests "medical" pay for his pain and suffering, assault charges against Officers Roberts and Sole, and that CMS Medical Services be ordered to provide adequate medical care to all inmates.

### III. Analysis

**A. Deliberate Indifference Claims**

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added). "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

In this case, the plaintiff makes no specific allegations that Officers Roberts and Sole had any involvement in the diagnosis or treatment of the plaintiff's broken wrist. In fact, it is undisputed that medical decisions for inmates are made by the medical staff of Prime Care, Inc., see Defs Ex. A, and the plaintiff has not shown that the defendants, correction officers with the West Virginia Division of Corrections, would have had any involvement in his medical care. Accordingly, to the extent that the plaintiff asserts that Officers Roberts and Sole were deliberately indifferent to his serious medical needs, the plaintiff fails to state a claim for which relief can be granted.

4

B.  **Assault Charges**

In Application of Woods, 833 F.2d 113 (8th Cir. 1987), the Eighth Circuit held that a Court, in its supervisory capacity, can authorize an individual to appear before the grand jury if the circumstances require. Nevertheless, before giving such authorization, the complainant must show a clear basis in law or fact. Additionally, matters of the grand jury are "in the first instance," the obligation of the United States. See United State v. Burns, 990 F.2d 1426 (4th Cir. 1993) (citing United States v. Williams, 504 U.S. 36 (1992)). Thus, the plaintiff must bring his assault claims to the attention of the United States before seeking judicial relief. Because the plaintiff has not shown a clear basis in law or fact for his criminal assault allegations, and the plaintiff has not shown that he brought such allegations to the attention of the United States prior to filing suit in this Court, the Court is not able to provide the plaintiff with the relief requested.

C.  **Excessive Force**

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes"[3] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available

---

[3] Porter at 524.

administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter at 524 (citing Booth at 741) (emphasis added). In addition, the Supreme Court has stated that "we will not read futility or other exceptions into statutory exhaustion requirements . . ." See Booth at 741, n. 6.

Moreover, an inmate may procedurally default his claims by failing to follow the proper procedures. See Woodford v. Ngo, 548 U.S. 81 (2006) (recognizing the PLRA provisions contain a procedural default component). The West Virginia Department of Corrections has established a three level grievance process for prisoners to grieve their complaints in an attempt to resolve any issues. The first level involves filing a G-1 Grievance Form with the Unit Supervisor or appropriate Staff Supervisor. If the inmate receives no response or is unsatisfied with the response received at Level One the inmate may proceed to Level Two by filing a G-2 Grievance Form with the warden/administrator. Finally, the inmate may appeal the Level 2 decision to the Commissioner of the Division of Corrections.

Here, the plaintiff states that he filed G-1 grievances related to medical care for his broken wrist and to racial discrimination. No where does the plaintiff either allege, or prove, that he ever initiated any grievance against defendants Roberts or Sole related to a claim of excessive force. In fact, it is undisputed that the Warden of the Ohio County Correctional Complex, where the alleged injury occurred, never received any grievance against either defendants Roberts or Sole related to an incident in November of 2007. See Defs Ex. A. at ¶ 2. The fact that the plaintiff was later transferred to another institution is inapposite. The plaintiff still could have, and was required to, initiate a grievance against the defendants. Accordingly, the plaintiff has failed to exhaust his administrative remedies with regard to his claim that defendants Roberts and Sole used excessive

6

force on November 18, 2007, resulting in a broken wrist. Moreover, because the plaintiff can no longer do so,[4] his claim is procedurally defaulted.

**D. Lost Property**

In this ground, the plaintiff asserts that defendant Roberts was involved in the inventorying of his personal property on the day he was transferred from the Ohio County Correctional Center. The plaintiff, therefore, implies that defendant Roberts was somehow involved in "losing" the plaintiff's property. However, other than this self-serving and conclusory allegation, the plaintiff provides no support for his claim. Moreover, it is undisputed that the inventory report from that day shows that Officer R. Hill was actually the person responsible for inventorying the plaintiff's property. See Defs Ex. D. However, Officer Hill is not a named party to this action. Accordingly, as to the plaintiff's claim of lost property, he has failed to state a claim for which relief can be granted.

### IV.  Recommendation

For the foregoing reasons, the undersigned recommends that the defendants' Motion for Summary Judgment (dckt. 30) be **GRANTED** and that the complaint (dckt. 1) be **DENIED** and **DISMISSED with prejudice** from the active docket of this Court.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely

---

[4] See W.Va. Code § 90-9-4.1 ("Any inmate may file a grievance utilizing a grievance form . . . within *fifteen (15) days* of any occurrence that would cause him/her to file a grievance.") (emphasis added).

7

file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: September 10, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE